**SEABOCK PRICE APC**
Dennis Price SBN 279082
Amanda Seabock SBN 289900
Christopher A. Seabock SBN 279640
117 E. Colorado Blvd., Ste. 600
Pasadena, California 91105
Phone: 323-616-0490
amanda@seabockprice.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shonna Counter,**<br><br>    Plaintiff,<br><br>    v.<br><br>**AWH Burbank Hotel, LLC,** a Delaware Limited Liability Company;<br>**Hostess (WLAX) LLC,** a California Corporation;<br>**Grill Concepts, Inc.,** a California Corporation;<br>**GCI-CC, Inc.,** a California Corporation; and Does 1-10<br><br>    Defendant(s). | Case Number:<br><br>**Complaint for Damages and Injunctive Relief for Violations of:**<br>Americans with Disabilities Act, Unruh Civil Rights Act; Breach of Contract |

Plaintiff Shonna Counter alleges the following upon information and belief based upon investigation of counsel, except as to her own acts, which she alleges upon personal knowledge:

**INTRODUCTION**

1. Signed into law on July 26, 1990, the Americans with Disabilities Act was a landmark piece of legislation that promised equal access to disabled individuals. Hailed as a long overdue "independence day" by President George H.W. Bush at the time of signing, the law recognized that disabled Americans had been overlooked by prior civil rights laws and were entitled to independence and dignity in all aspects of society.

2. Recognizing that the ADA lacked sufficient remedies, the State of California promptly amended the Unruh Civil Rights Act to ensure those who are denied equal rights under the ADA have sufficient motivation and remedies to enforce the law.

3. However, more than 30 years later, California still has businesses in flagrant violation of the law. These are not just small or "technical" violations, but actual barriers to access. What amounts to a minor or invisible difference to those without a disability may cause difficulties, discomfort, embarrassment, or outright injury to those with disabilities.

4. Plaintiff is a disabled individual and a member of a protected class of individuals guaranteed rights under state and federal laws. Though progress has been made for access over the decades the ADA has been law, Plaintiff remains frustrated by the number of businesses that remain noncompliant.

5. Plaintiff visited The Daily Grill, located within the Burbank Hotel ("Burbank") in March 2023, and The Daily Grill, located within the Westin Hotel facility ("Westin") located at 5410 W. Century Blvd., Los Angeles, CA 90045 in October 2023, and encountered barriers to access on each date.

6. Plaintiff brings this action against Hostess (WLAX) LLC, AWH Burbank Hotel, LLC, GCI-CC, Inc., and Grill Concepts, Inc. ("Defendants"), for failure to design, maintain, construct, and operate The Daily Grill Restaurant facilities in compliance with applicable accessibility laws.

## PARTIES

7. Plaintiff, at all times relevant and as alleged herein, is a resident of California, County of Los Angeles.

8. Defendant AWH Burbank Hotel, LLC owned the real property located at or about 2500 N. Hollywood Way, Burbank, CA 91505, in March 2023.

9. Defendant AWH Burbank Hotel, LLC owns the real property located at or about 2500 N. Hollywood Way, Burbank, CA 91505, currently.

10. Defendant GCI-CC, Inc., owned or operated the place of public accommodation located at or about 2500 N. Hollywood Way, Burbank, CA 91505, in March 2023.

11. Defendant GCI-CC, Inc., owns or operates the place of public accommodation located at or about 2500 N. Hollywood Way, Burbank, CA 91505, currently.

12. GCI-CC, Inc. is a successor or related entity with a common ownership with Grill Concepts, Inc., a predecessor or related entity owning or operating the Burbank Restaurant.

13. Defendant Hostess (WLAX) LLC owned the real property located at or about 5410 W. Century Blvd., Los Angeles, CA 90045, in October 2023.

14. Defendant Hostess (WLAX) LLC owns the real property located at or about 5410 W. Century Blvd., Los Angeles, CA 90045, currently.

15. Defendant Grill Concepts, Inc. owned or operated the place of public accommodation located at or about 5410 W. Century Blvd., Los Angeles, CA 90045, in October 2023.

16. Defendant Grill Concepts, Inc. owns or operates the place of public accommodation located at or about 5410 W. Century Blvd., Los Angeles, CA 90045, currently.

17. Does 1-10, owned, leased or operated the place of accommodation located at or about 2500 N. Hollywood Way, Burbank, CA 91505 in October 2023.

18. Does 1-10, own, lease or operate the place of accommodation located at or about 2500 N. Hollywood Way, Burbank, CA 91505 currently.

Complaint, The Daily Grill

19. Does 11-20, owned, leased or operated the place of accommodation located at or about 5410 W. Century Blvd., Los Angeles, CA 90045 in October 2023.

20. Does 11-20, own, lease or operate the place of accommodation located at or about 5410 W. Century Blvd., Los Angeles, CA 90045 currently.

21. Every landlord, tenant, owner or operator of a place of public accommodation is separately charged with compliance with the ADA. 28 CFR § 36.201(b). Liability for noncompliance persists regardless of any contractual apportionment of responsibility between them. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 833-34 (9th Cir. 2000).

22. At all times relevant to this complaint, Defendants had and continue to have an ongoing obligation to assess, identify, and remove all barriers to access where readily achievable to do so, and to implement the most accessible alternative when full compliance is not readily achievable.

23. Plaintiff does not know the true names of all Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of and alleges a joint venture and common enterprise by all such defendants. Plaintiff is informed and believes that each of the defendants herein is responsible in some capacity for the events herein alleged or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the defendants are ascertained.

## JURISDICTION AND VENUE

24. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 1281, *et seq.,* and 28 U.S.C. § 1332.

25. This Court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because they are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

26. Additionally, Plaintiff's claim for breach of contract is related to another claim that was under the jurisdiction of this Court.

27. This Court has personal jurisdiction over Defendants because they conducted and continue to conduct business in the State of California, County of Los Angeles.

28. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District and Defendants are subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District.

## FACTUAL ALLEGATIONS

29. Plaintiff has Spinal Muscular Atrophy, a rare, recessive, progressive, degenerative neuromuscular disorder. This condition weakens her muscle strength significantly limiting or impairing her ability to walk. She uses a powered wheelchair for mobility and is a member of a protected class of individuals guaranteed rights under state and federal law. Plaintiff is member of a protected class of individuals guaranteed rights under state and federal law.

30. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment as those terms are understood under the Americans with Disabilities Act and Unruh Civil Rights Act.

31. Plaintiff went to the Burbank Restaurant on March 23, 2023, believing it to be a business complying with the ADA, with the intention to avail herself of its goods, services, privileges, advantages, or accommodations ("Amenities").

32. Unfortunately, on the date of Plaintiff's visit, the Restaurant failed to comply with ADA and California standards as they relate to wheelchair users like the Plaintiff.

33. Plaintiff encountered barriers to entry on March 23, 2023.

34. Accessible entrance doors allow easy and safe access to businesses. Accessible doorways consist of proper design providing sufficient width to enter as well as a safe area to open and close the door. Additionally, doors should be configured with proper opening pressure and closing timings, as well as all necessary safety features.

35. Here, the front door opening pressure was excessive.

36. Plaintiff encountered inaccessible dining tables on March 23, 2023.

37. Compliant dining tables allow wheelchair using patrons like the Plaintiff to pull under the table and have a comfortable meal. Compliance requires adequate knee and toe clearance under the table, clear space around the table and the surface being within the appropriate height ranges.

38. Defendants offered indoor dining seating in three areas: a bar area, a separate dining room, and the main dining room. Each section has seating as follows:

    a. Bar – approximately 44 high top seats and 15 seats at the bar. None of which are compliant due to height.

    b. Separate Dining Room – approximately 34 seats at circular dining tables.

    c. Main Dining Room – approximately 148 seats, consisting of a combination of booths and tables.

39. Excluding the high top and bar seating, which is obviously non-compliant due to height, there are two seating offerings to individuals: tables with up to four chairs, and also booth seating, some of which all patrons sit inside the booth, and others that have a hybrid of booth and chairs. However, each of these is non-compliant due to a lack of knee and/or toe clearance, or inappropriate clearance widths.

40. The styles of tables offered by the Restaurant are seldom compliant due to the need for toe clearance at the floor being obstructed by the table base, and knee clearance up to the dining surface often obstructed by the center post. There are multiple configurations that provide accessible access, but the seats provided fail to meet the minimum specifications.

41. In total, the Burbank Restaurant offered approximately 241 seats for patrons. However, despite at least 5% of type of seating being required to be accessible, they apparently offered zero accessible seats.

42. Plaintiff had difficulty with the provided tables and sat awkwardly at an angle rather than seated fully under the table while she enjoyed her meal. She would have preferred to pull fully under the table but was unable to do so.

43. Plaintiff encountered numerous restroom barriers on March 23, 2023.

44. Accessible restrooms are a critical feature of businesses that offer restroom facilities. Due to her disability, Plaintiff must always be cognizant of where the nearest accessible restroom is, and the failure to provide accessible restroom facilities denied her the peace of mind of knowing she would be able to relieve herself if needed. Here, Plaintiff found that compliant restrooms were not provided.

45. When restrooms are provided, accessible restrooms must also be provided. Here, multiple barriers were present:

    a. The door was too heavy.

    b. The sink piping is unwrapped.

46. Despite the above, Plaintiff overcame the difficulties presented to her and made a purchase at the business.

47. On information and belief, the above conditions currently exist or the policies that allowed them to occur have not been changed.

48. These above barriers relate to and impact the Plaintiff's disability. Plaintiff personally encountered these barriers.

49. Plaintiff is a fan of the food at The Daily Grill, specifically because they offer a skirt steak that is both delicious, and consistently tender enough that she can cut it herself despite strength limitations. As a result, she enjoys patronizing their multiple locations.

50. Plaintiff went to the Westin Restaurant near LAX on October 31, 2023, with the intention to avail herself of its Amenities.

51. Plaintiff encountered path of travel/accessible route barriers on October 31, 2023.

52. Throughout the Westin Restaurant, Plaintiff encountered narrow paths with insufficient widths to navigate and turnaround.

53. This condition was not only present when Plaintiff visited, but persisted for several months when an investigator confirmed narrowing to under the minimum clearances, especially when patrons are seated in chairs within the circulation routes, a frequently condition at this popular and busy restaurant.

54. Plaintiff also encountered inaccessible dining tables on October 31, 2023.

55. Just as with the Burbank Restaurant, the Westin Restaurant lacked accessible tables. Plaintiff had to settle for using a "booth" style table in which she was placed in the already narrow walking path, which was uncomfortable, embarrassing, and also required her to have to back away from the table in order for her companion to leave to use the restroom.

56. During her meal, she was tripped over and bumped into several times by other patrons and staff.

57. After her meal, Plaintiff encountered numerous restroom barriers on October 31, 2023.

58. There was no restroom available for her use in the Westin Restaurant itself and she was directed to the restroom in the hotel lobby.

59. Unfortunately, this restroom was also not accessible, as the door to enter was extremely heavy and she was not able to open it herself. She was embarrassed by having to wait for her companion to have to assist her.

60. Plaintiff seeks removal of all barriers to access pertaining to her disability.

61. All of barriers identified above are easily removed without much difficulty or expense. They are the types of barriers that patrons should expect to have been removed in the more than thirty years since the ADA became law and should be presumed readily achievable due to ease of removal. However, should full compliance not be readily achievable, there are numerous alternative accommodations that could be made to provide a greater level of access than presently exists.

62. Plaintiff intends to return to the business in the future and believes it is likely that other barriers to her patronage exist given the obvious barriers she encountered. During litigation, Plaintiff will thoroughly investigate the property and amend the complaint to provide the full scope of remediation required. Plaintiff seeks to have all barriers related to her disability removed. See *Doran v. 7-Eleven*, 524 F.3d 1034 (9th Cir. 2008); *Thurston v. Midvale Corp.*, 39 Cal. App. 5th 634, 653–54 (2019) (holding that once a plaintiff encounters one barrier at a site, they can sue to have all barriers that relate to their disability removed regardless of whether they personally encountered them).

63. As the ADA has existed since 1990, Plaintiff alleges the above conditions were the result of either a policy failure or systematic negligence such that only policy modifications and regular future audits of the facility and policy modifications can ensure future compliance.

## I. FIRST CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Title 42 United State Code §§ 12101-12189
### (On behalf of Plaintiff and against all Defendants)

64. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

65. Under the Americans with Disabilities Act, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. 42 U.S.C. § 12182(a). Discrimination is defined there as follows:

66. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

67. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers may be defined by failure to comply with the ADA Standards.

68. Where such barrier removal is not readily achievable, the failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative, readily achievable, methods.

69. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the

altered area are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

70. All Amenities provided by a business must comply with applicable standards, typically the 2010 ADA Standards for Accessible Design ("ADASAD") or California Building Code. ("CBC").

71. When a business provides dining surfaces, it must provide accessible dining surfaces. ADASAD 226, 306, 902; 1991 ADAAG Chapter 5.

72. Here, despite offering dining surfaces, accessible dining surfaces have not been provided in conformance with the ADA Standards.

73. When a business provides restrooms, it must provide accessible restrooms. ADASAD Chapter 2 & 6; 1991 ADAAG Chapter 4.16-4.17.

74. Here, though offering restrooms generally, accessible restrooms have not been provided in conformance with the ADA Standards.

75. When a business provides door hardware, it must provide accessible door hardware. ADASAD Chapter 4; 1991 ADAAG Chapter 4.3.9

76. Here, despite offering doors, accessible door hardware has not been provided in conformance with the ADA Standards.

77. When a business provides walkways, paths or other navigable elements, it must provide accessible paths of travel. ADASAD Chapter 2 & 4; 1991 ADAAG Chapter 4.3.

78. Here, accessible paths of travel have not been provided in conformance with the ADA Standards.

79. Defendants have failed to provide and/or maintain in working and useable condition those features required to provide ready access to persons with disabilities.

80. In addition to offering accessible Amenities, a public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

Complaint, The Daily Grill

Seabock / Price

81. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit also do not comply with the 1991 Standards. 28 CFR § 35.151(b)(4)(ii)(C).

82. Here, the failure to ensure that accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

## II. SECOND CAUSE OF ACTION:
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### California Civil Code §§ 51-53
### (On behalf of Plaintiff and against all Defendants)

83. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

84. The Unruh Civil Rights Act ("UCRA") guarantees, among other things, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

85. The UCRA provides that any violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code § 51(f).

86. Defendants' acts and omissions, as herein alleged, have violated the UCRA by, among other things, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

87. A defendant's liability for violations of the Unruh Civil Rights Act entitles a plaintiff to actual damages, as well as treble actual damages or an amount no less than the minimum statutory penalty prescribed by law, for each occasion in which the plaintiff was denied full and equal access. Cal. Civ. Code §§ 52(a); 55.56.

Complaint, The Daily Grill

## II. THIRD CAUSE OF ACTION:
## BREACH OF CONTRACT
### (On behalf of Plaintiff and against Grill Concepts, Inc.)

88. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

89. Plaintiff previously filed suit against AWH Burbank Hotel, LLC and Grill Concepts, Inc. alleging violations of state and federal accessibility laws.

90. That suit contemplated that Plaintiff would return to the Facility.

91. Plaintiff entered into a confidential[1] settlement agreement with AWH Burbank Hotel, LLC and Grill Concepts, Inc. which, in exchange for a release of claims, Grill Concepts, Inc. would alter the Burbank restrooms to comply with the 2010 ADA Standards for Accessible Design and Title 24 of the California Code of Regulations within one year of that agreement.

92. Grill Concepts, Inc. either did not comply with this obligation, or did so in a way in which the modifications were not maintained as accessible.

93. Compliance with the Standards requires proper maintenance to ensure accessible facilities are readily available and accessible to patrons with disabilities.

94. This claim has been brought within the statute of limitations period measured by the last date by which Grill Concepts, Inc. could have complied with that agreement.

95. That agreement expressly contemplated that a breach of settlement may be brought to enforce the agreement.

96. The release within that settlement agreement was expressly contingent upon timely performance of the obligations under the settlement agreement.

97. Those obligations were not performed.

---

[1] Plaintiff has limited specific reference to terms in the settlement agreement due to the confidentiality provision except those necessary to state the claim for relief sought. Plaintiff will admit a redacted copy of the agreement if necessary to prove the claim.

Complaint, The Daily Grill

Seabock / Price

98. Plaintiff has suffered a loss of liberties and independence due to the failure to comply with the agreement.

**PRAYER**

In light of the above, Plaintiff prays that this Court award damages and provide relief as follows:

99. A determination that Defendants are each liable for violations of the Americans with Disabilities Act, and Unruh Civil Rights Act.

100. A determination that Grill Concepts, Inc. is liable for breach of contract.

101. As to the Burbank Restaurant, for permanent injunctive relief, pursuant to and appropriate to comply with the Americans with Disabilities Act, compelling applicable Defendants to remove all presently existing architectural barriers within 90 days of judgment, or another date certain determined to be just by the Court. This shall include, but not be limited to the following barriers encountered by the plaintiff:

   a. Installation and maintenance of accessible paths of travel inside and outside the Restaurant.
   b. Modification or replacement of doors to ensure accessible features such as kickplates, opening clearances, compliant door pressure tolerances, or automatic openers.
   c. Installation of compliant dining surfaces for each *type* of dining surface offered, inside and outside, to ensure full and equal access to dining surfaces.
   d. Installation of a fully compliant restroom facility that allows use by persons using a wheelchair. To the extent full compliance is not readily achievable, the most readily achievable alternative shall be offered.

102. As to the Westin Restaurant, for permanent injunctive relief, pursuant to and appropriate to comply with the Americans with Disabilities Act, compelling applicable Defendants to remove all presently existing architectural barriers within 90 days of judgment, or another date certain determined to be just by the Court. This shall include, but not be limited to the following barriers encountered by the plaintiff:

Seabock / Price

      a. Installation and maintenance of accessible paths of travel inside and outside the Restaurant.

      b. Modification or replacement of doors to ensure accessible features such as kickplates, opening clearances, compliant door pressure tolerances, or automatic openers.

      c. Installation of compliant dining surfaces for each *type* of dining surface offered, inside and outside, to ensure full and equal access to dining surfaces.

      d. Installation of a fully compliant restroom facility that allows use by persons using a wheelchair. To the extent full compliance is not readily achievable, the most readily achievable alternative shall be offered.

103. To the extent that complete removal of all presently existing architectural barriers is not readily achievable, permanent injunctive relief compelling Defendants to make those Amenities available through alternative methods.

104. For injunctive relief, pursuant to and appropriate to ensure compliance with the Americans with Disabilities Act, requiring that Defendants obtain biennial Certified Access Specialist ("CASp") architectural inspections of the subject facility to verify ongoing ADA compliance and to follow those inspections' recommendations of all readily achievable barrier removal. The first inspection shall occur within 90 days of judgment, or another date certain determined to be just by the Court.

105. For injunctive relief, pursuant to and appropriate to ensure compliance with the Americans with Disabilities Act, requiring implementation of accessibility policies and requiring annual employee training on providing full and equal access to clients or customers with disabilities. This shall be implemented within 90 days of judgment, or another date certain determined to be just by the Court.

106. For nominal damages and declaratory relief for breach of contract as to Grill Concepts, Inc.

107. For actual damages subject to proof under the Unruh Civil Rights Act.

Seabock / Price

108. For treble actual damages, or in no case an amount less than the statutory minimum damages prescribed by statute for each occasion Plaintiff was denied full and equal access.

109. Reasonable attorney fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code § 52.

Date: May 10, 2024                                    **SEABOCK PRICE APC**

　　　　　　　　　　　　　　　　　　　　　　　　__/s/ Dennis Price_____

　　　　　　　　　　　　　　　　　　　　　　　　Dennis Price
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff