**SEABOCK PRICE APC**
Dennis Price SBN 279082
Amanda Seabock SBN 289900
Christopher A. Seabock SBN 279640
117 E. Colorado Blvd., Ste. 600
Pasadena, California 91105
Phone: 323-616-0490
dennis@seabockprice.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shonna Counter,**<br><br>    Plaintiff,<br><br>v.<br><br><br>**Grill Concepts, Inc.,** a California Corporation;<br>**GCI-CC, Inc.,** a California Corporation; and Does 1-10<br><br><br>    Defendant(s). | Case Number:   2:24-cv-03965-SPG-AJR<br><br>**First Amended Complaint for Damages and Injunctive Relief for Violations of:**<br>Americans with Disabilities Act, Unruh Civil Rights Act |

Plaintiff Shonna Counter alleges the following upon information and belief based upon investigation of counsel, except as to her own acts, which she alleges upon personal knowledge:

**INTRODUCTION**

1. Signed into law on July 26, 1990, the Americans with Disabilities Act was a landmark piece of legislation that promised equal access to disabled individuals. Hailed as a long overdue "independence day" by President George H.W. Bush at the time of signing, the law recognized that disabled Americans had been overlooked by prior civil rights laws and were entitled to independence and dignity in all aspects of society.

2. Recognizing that the ADA lacked sufficient remedies, the State of California promptly amended the Unruh Civil Rights Act to ensure those who are denied equal rights under the ADA have sufficient motivation and remedies to enforce the law.

3. However, more than 30 years later, California still has businesses in flagrant violation of the law. These are not just small or "technical" violations, but actual barriers to access. What amounts to a minor or invisible difference to those without a disability may cause difficulties, discomfort, embarrassment, or outright injury to those with disabilities.

4. Plaintiff is a disabled individual and a member of a protected class of individuals guaranteed rights under state and federal laws. Though progress has been made for access over the decades the ADA has been law, Plaintiff remains frustrated by the number of businesses that remain noncompliant.

5. Plaintiff visited The Daily Grill, located within the Burbank Hotel located at or about 2500 N. Hollywood Way, Burbank, CA 91505 ("Burbank Hotel") in March 2023 and encountered barriers to access.

6. Plaintiff brings this action against GCI-CC, Inc., and Grill Concepts, Inc. ("Defendants"), for failure to design, maintain, construct, and operate The Daily Grill Restaurant facility in Burbank, California in compliance with applicable accessibility laws.

# PARTIES

7. Plaintiff, at all times relevant and as alleged herein, is a resident of California, County of Los Angeles.

8. Defendant GCI-CC, Inc., owned or operated the place of public accommodation located at or about 2500 N. Hollywood Way, Burbank, CA 91505, in March 2023.

9. Defendant GCI-CC, Inc., owns or operates the place of public accommodation located at or about 2500 N. Hollywood Way, Burbank, CA 91505, currently.

10. GCI-CC, Inc. is a successor or related entity with a common ownership with Grill Concepts, Inc., a predecessor or related entity owning or operating the Burbank Restaurant.

11. Defendant Grill Concepts, Inc. owned or operated the place of public accommodation located at or about 2500 N. Hollywood Way, Burbank, CA 91505, in March 2023.

12. Defendant Grill Concepts, Inc. owns or operates the place of public accommodation located at or about 2500 N. Hollywood Way, Burbank, CA 91505, currently.

13. Does 1-10, owned, leased or operated the place of accommodation located at or about 2500 N. Hollywood Way, Burbank, CA 91505 in March 2023.

14. Does 1-10, own, lease or operate the place of accommodation located at or about 2500 N. Hollywood Way, Burbank, CA 91505 currently.

15. Every landlord, tenant, owner or operator of a place of public accommodation is separately charged with compliance with the ADA. 28 CFR § 36.201(b). Liability for noncompliance persists regardless of any contractual apportionment of responsibility between them. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 833-34 (9th Cir. 2000).

16. At all times relevant to this complaint, Defendants had and continue to have an ongoing obligation to assess, identify, and remove all barriers to access where readily achievable to do so, and to implement the most accessible alternative when full compliance is not readily achievable.

17. Plaintiff does not know the true names of all Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the

3

First Amended Complaint, The Daily Grill                           2:24-cv-03965-SPG-AJR

access violations herein complained of and alleges a joint venture and common enterprise by all such defendants. Plaintiff is informed and believes that each of the defendants herein is responsible in some capacity for the events herein alleged or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the defendants are ascertained.

## JURISDICTION AND VENUE

18. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 1281, *et seq.,* and 28 U.S.C. § 1332.

19. This Court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because they are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

20. This Court has personal jurisdiction over Defendants because they conducted and continue to conduct business in the State of California, County of Los Angeles.

21. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District and Defendants are subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District.

## FACTUAL ALLEGATIONS

22. Plaintiff has Spinal Muscular Atrophy, a rare, recessive, progressive, degenerative neuromuscular disorder. This condition weakens her muscle strength significantly limiting or impairing her ability to walk. She uses a powered wheelchair for mobility and is a member of a protected class of individuals guaranteed rights under state and federal law. Plaintiff is member of a protected class of individuals guaranteed rights under state and federal law.

23. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment as those terms are understood under the Americans with Disabilities Act and Unruh Civil Rights Act.

24. Plaintiff is a fan of the food at The Daily Grill, specifically because they offer a skirt steak that is both delicious, and consistently tender enough that she can cut it herself despite strength limitations. As a result, she enjoys patronizing their multiple locations.

25. Plaintiff previously filed suit against Grill Concepts, Inc. alleging violations of state and federal accessibility laws.

26. That suit contemplated that Plaintiff would return to the Facility.

27. Plaintiff entered into a confidential[1] settlement agreement with Grill Concepts, Inc. which, in exchange for a release of claims, Grill Concepts, Inc. would alter the Burbank restrooms to comply with the 2010 ADA Standards for Accessible Design and Title 24 of the California Code of Regulations within one year of that agreement.

28. Grill Concepts, Inc. either did not comply with this obligation, or did so in a way in which the modifications were not maintained as accessible.

29. Compliance with the Standards requires proper maintenance to ensure accessible facilities are readily available and accessible to patrons with disabilities.

30. Believing that the business would be in full compliance following that agreement, and without any communications suggesting otherwise, Plaintiff went to the Burbank Restaurant on March 23, 2023, with the intention to avail herself of its goods, services, privileges, advantages, or accommodations ("Amenities").

31. Defendants assert that the original conditions complained of in Plaintiff's prior complaint were corrected. However, despite that, non-compliant conditions continue to exist, either in violation

---

[1] Plaintiff has limited specific reference to terms in the settlement agreement due to the confidentiality provision except those necessary to state the claim for relief sought. Plaintiff will admit a redacted copy of the agreement if necessary to prove the claim.

of the prior agreement or alternatively as new conditions based on a failure to maintain accessible features.

32. Unfortunately, on the date of Plaintiff's visit, the Restaurant failed to comply with ADA and California standards as they relate to wheelchair users like the Plaintiff.

33. Plaintiff encountered restroom barriers on March 23, 2023.

34. Accessible restrooms are a critical feature of businesses that offer restroom facilities. Due to her disability, Plaintiff must always be cognizant of where the nearest accessible restroom is, and the failure to provide accessible restroom facilities denied her the peace of mind of knowing she would be able to relieve herself if needed. Here, Plaintiff found that compliant restrooms were not provided.

35. When restrooms are provided, accessible restrooms must also be provided. Here, multiple barriers were present:

   a. The door was too heavy.
   b. The sink piping is unwrapped.

36. Interior doors are required to be maintained at a maximum opening pressure of 5%, a very low pressure threshold and one that is regarded as easily operable by individuals with limited strength or leverage. However, Plaintiff personally noted difficulty in opening the doors on March 23, 2023.

37. This was not an isolated condition. As late as October 2023, the door still exceeded the maximum allowable pressure by 100%.

38. On information and belief, Plaintiff asserts that this amount of variance is not within acceptable tolerances or that which would be expected when a door is properly maintained as required by the ADA.

39. Similarly, the sink piping was unwrapped with no evidence that this was a temporary or isolated incident.

40. The restroom had two sinks, each with exposed plumbing, both the drain and the water lines. In all, six distinct aspects of the sink should have been covered, however none of them were.

41. Further, this condition persisted through at least October 2023, demonstrating it was not an isolated incident.

42. Despite the above, Plaintiff overcame the difficulties presented to her and made a purchase at the business.

43. On information and belief, the policy conditions that allowed these conditions to occur currently exist.

44. These above barriers relate to and impact the Plaintiff's disability. Plaintiff personally encountered these barriers.

45. Plaintiff seeks removal of all barriers to access pertaining to her disability.

46. All of barriers identified above are easily removed without much difficulty or expense. They are the types of barriers that patrons should expect to have been removed in the more than thirty years since the ADA became law and should be presumed readily achievable due to ease of removal.

    a. On information and belief, Plaintiff asserts that maintaining the restroom as accessible is a basic maintenance function that has no significant overhead cost and is a standard cost of doing business.

47. However, should full compliance not be readily achievable, there are numerous alternative accommodations that can—and must—be made to provide a greater level of access than presently exists.

48. According to the Centers for Disease Control, 11% of California adults live with a mobility disability. Removal of barriers to access—such as those listed above—makes California more accessible not just to these individuals, but also the thriving tourism industry and benefits the state as a whole. Removal of these barriers is justified not only to comply with state and federal law, but also to provide a distinct benefit, not just to the Plaintiff, but to the public at large.

49. Plaintiff intends to return to the business in the future and believes it is likely that other barriers to her patronage exist given the obvious barriers she encountered. During litigation, Plaintiff will thoroughly investigate the property and amend the complaint to provide the full scope of remediation required. Plaintiff seeks to have all barriers related to her disability removed. See *Doran v. 7-Eleven*, 524 F.3d 1034 (9th Cir. 2008); *Thurston v. Midvale Corp.*, 39 Cal. App. 5th 634, 653–54 (2019) (holding

that once a plaintiff encounters one barrier at a site, they can sue to have all barriers that relate to their disability removed regardless of whether they personally encountered them).

50. As the ADA has existed since 1990, Plaintiff alleges the above conditions were the result of either a policy failure or systematic negligence such that only policy modifications and regular future audits of the facility and policy modifications can ensure future compliance.

### I. FIRST CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Title 42 United State Code §§ 12101-12189
### (On behalf of Plaintiff and against all Defendants)

51. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

52. Under the Americans with Disabilities Act, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. 42 U.S.C. § 12182(a). Discrimination is defined there as follows:

53. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

54. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers may be defined by failure to comply with the ADA Standards.

55. Where such barrier removal is not readily achievable, the failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative, readily achievable, methods.

56. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the

path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

57. All Amenities provided by a business must comply with applicable standards, typically the 2010 ADA Standards for Accessible Design ("ADASAD") or California Building Code. ("CBC").

58. When a business provides restrooms, it must provide accessible restrooms. ADASAD Chapter 2 & 6; 1991 ADAAG Chapter 4.16-4.17.

59. Here, though offering restrooms generally, accessible restrooms have not been provided in conformance with the ADA Standards.

60. When a business provides door hardware, it must provide accessible door hardware. ADASAD Chapter 4; 1991 ADAAG Chapter 4.3.9

61. Here, despite offering doors, accessible door hardware has not been provided in conformance with the ADA Standards.

62. Defendants have failed to provide and/or maintain in working and useable condition those features required to provide ready access to persons with disabilities.

63. In addition to offering accessible Amenities, a public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

64. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit also do not comply with the 1991 Standards. 28 CFR § 35.151(b)(4)(ii)(C).

65. Here, the failure to ensure that accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

## II. SECOND CAUSE OF ACTION:
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### California Civil Code §§ 51-53
### (On behalf of Plaintiff and against all Defendants)

66. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

67. The Unruh Civil Rights Act ("UCRA") guarantees, among other things, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

68. The UCRA provides that any violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code § 51(f).

69. Defendants' acts and omissions, as herein alleged, have violated the UCRA by, among other things, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

70. A defendant's liability for violations of the Unruh Civil Rights Act entitles a plaintiff to actual damages, as well as treble actual damages or an amount no less than the minimum statutory penalty prescribed by law, for each occasion in which the plaintiff was denied full and equal access. Cal. Civ. Code §§ 52(a); 55.56.

## PRAYER

In light of the above, Plaintiff prays that this Court award damages and provide relief as follows:

71. A determination that Defendants are each liable for violations of the Americans with Disabilities Act, and Unruh Civil Rights Act.

72. Permanent injunctive relief, pursuant to and appropriate to comply with the Americans with Disabilities Act, compelling applicable Defendants to remove all presently existing architectural barriers within 90 days of judgment, or another date certain determined to be just by the Court. This shall include, but not be limited to the following barriers encountered by the plaintiff:

   a. Modification or replacement of doors to ensure accessible features such as kickplates, opening clearances, compliant door pressure tolerances, or automatic openers.
   b. Installation of a fully compliant restroom facility that allows use by persons using a wheelchair. To the extent full compliance is not readily achievable, the most readily achievable alternative shall be offered.

73. To the extent that complete removal of all presently existing architectural barriers is not readily achievable, permanent injunctive relief compelling Defendants to make those Amenities available through alternative methods.

74. For injunctive relief, pursuant to and appropriate to ensure compliance with the Americans with Disabilities Act, requiring that Defendants obtain biennial Certified Access Specialist ("CASp") architectural inspections of the subject facility to verify ongoing ADA compliance and to follow those inspections' recommendations of all readily achievable barrier removal. The first inspection shall occur within 90 days of judgment, or another date certain determined to be just by the Court.

75. For injunctive relief, pursuant to and appropriate to ensure compliance with the Americans with Disabilities Act, requiring implementation of accessibility policies and requiring annual employee training on providing full and equal access to clients or customers with disabilities. This shall be implemented within 90 days of judgment, or another date certain determined to be just by the Court.

76. For nominal damages and declaratory relief for breach of contract as to Grill Concepts, Inc.

77. For actual damages subject to proof under the Unruh Civil Rights Act.

78. For treble actual damages, or in no case an amount less than the statutory minimum damages prescribed by statute for each occasion Plaintiff was denied full and equal access.

79. Reasonable attorney fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code § 52.

Date: September 9, 2024

**SEABOCK PRICE APC**

__/s/ Dennis Price_____

Dennis Price
Attorney for Plaintiff